Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6257 | **DATE** | 6/15/2012 |
| **CASE TITLE** | Albert Brown vs. Internal Revenue Service | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Defendant's motion to dismiss or, in the alternative, for summary judgment [19] and order that judgment be entered in favor of Defendant IRS and against Plaintiff Albert Brown. This case is closed.

■[ For further details see text below.]     Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

Plaintiff alleges that he has been overcharged on his taxes and that Defendant has failed to issue refunds for his overpayments. Defendant has moved to dismiss or, in the alternative, for summary judgment, asserting several grounds for dismissal. Defendant has filed and served on Plaintiff the required Notice to Pro Se Litigant opposing a dispositive motion [19-2]. By minute order dated February 27, 2012, the Court took Defendant's motion under advisement and gave Plaintiff until March 26, 2012 to file a response. Plaintiff has not filed a response. Although many of Defendant's reasons for dismissal or summary judgment have merit, the Court need only address one at this time.

The form complaint in this case is entitled "Complaint for Violation of Constitutional Rights" (available in the on-line form bank for the Northern District of Illinois). Most of the complaint consists of boilerplate legal language outlining claims for civil rights violations under various state and federal laws. The only historical facts alleged in the complaint are the following statements:

> I, Albert Brown, am suing Internal Revenue Service for failing to send my refund for 2007, 2008, 2009 and 2010. In addition, they overcharged me more than $8000 even though telephone calls were made and letters were sent to them. And they were late sending my refund for 2010 which was filed electronically. I am suing for the amount of $18,462 * * * * As a result of the defendant's conduct, plaintiff was injured as follows: stress, loss of sleep and appetite, had to borrow from friend to meet budget.

Plaintiff does not allege that he submitted an administrative claim for damages under I.R.C. § 7433 and Treasury Regulation § 301.7433-1 regarding the income tax years 2007-2010, and the IRS has no record of Albert Brown submitting an administration claim for damages for these years.

| STATEMENT |
|---|

Before a taxpayer can file an action in federal district court seeking damages under I.R.C. § 7433, he or she must first file an administrative claim for those damages with the Internal Revenue Service. The taxpayer must submit a writing to the IRS containing the following:

> The administrative claim shall include: (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim; (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service); (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence); (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and (v) The signature of the taxpayer or duly authorized representative.

Treas. Reg. § 301.7433-1 (e) (2). If the IRS pays the claim, the matter concludes at the administrative level. *Id.* If the IRS denies the claim, expressly or by failing to issue a timely decision, then the plaintiff may file suit in federal district court. Treas. Reg. § 301.7433-1 (d).

In the present suit, Plaintiff's complaint does not state that Plaintiff previously filed an administrative claim for the alleged damages. Moreover, the IRS has averred that it does not have any record of Plaintiff having filed an administrative claim for damages regarding the tax years 2007-2010. Plaintiff has not responded to Defendant's motion or to Defendant's statement of facts, despite being served with these materials in addition to the Notice to Pro Se Litigant and being given a lengthy period in which to respond. Thus, Plaintiff has not controverted Defendant's factual assertion that Plaintiff did not file the administrative claim required by applicable Treasury Regulations. Because Plaintiff has failed to show a triable issue of fact regarding the exhaustion of administrative remedies, Defendant is entitled to summary judgment. The Clerk is directed to enter judgment in favor of Defendant IRS and against Plaintiff Albert Brown. This case is closed.

*[signature]*